**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Perla Hernandez,<br><br>　　　　　Plaintiff,<br>vs.<br><br>Wells Fargo Home Mortgage, *et al.*,<br><br>　　　　　Defendants. | Case No.: 2:15-cv-1043-GMN-VCF<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 29), filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo").[1] *Pro se* Plaintiff Perla Hernandez filed a response in opposition, (ECF No. 32), and Wells Fargo filed a reply, (ECF No. 33). For the reasons set forth herein, the Court will grant Wells Fargo's Motion and dismiss Plaintiff's Amended Complaint.

**I. BACKGROUND**

This case centers upon allegations that Wells Fargo, in attempting to collect upon Plaintiff's mortgage loan and foreclose upon her residence, violated the Fair Debt Collection Practices Act ("FDCPA"). (Am. Compl., ECF No. 1).[2]

Plaintiff is the owner of real property located at 3515 Cactus Shadows Street #203, Las Vegas, NV 89129 ("the Property"). (Deed of Trust, ECF No. 30-1).[3] Plaintiff purchased the property on July 13, 2004, under a Deed of Trust securing a $110,628 mortgage loan, which

---

[1] Wells Fargo asserts, and Plaintiff does not dispute, that "America's Servicing Company," which is named as a defendant in the Amended Complaint, is actually a division of Wells Fargo. *See* (Motion 1:20-23, ECF No. 29). Thus, the Court will refer to Wells Fargo and America's Servicing Company as a single entity within this Order.

[2] In light of Plaintiff's status as a *pro se* litigant, the Court has liberally construed her filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[3] As matters of public record, the Court takes judicial notice of the documents submitted in support of Wells Fargo's Motion to Dismiss, (Request for Jud. Not., ECF No. 30). *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

named Suntrust Mortgage, Inc. as the lender, Rebecca W. Shaia as the trustee, and Mortgage Electronic Registration Systems, Inc. as the nominee and beneficiary. (*Id*.).  On October 9, 2012, the beneficial interest under the Deed of Trust was assigned to the Bank of New York Mellon. (Assignment, ECF No. 11-2).  On June 10, 2015, MTC Financial, Inc. ("MTC") was substituted as trustee. (Substitution of Trustee, ECF No. 6-4).

Plaintiff admits that she defaulted upon the mortgage loan. (Am. Compl. ¶ 11).  Further, Plaintiff states that Wells Fargo received an "assignment of debt" regarding the mortgage loan after the default and subsequently began attempting to collect upon the loan. (*Id.*).  Plaintiff also alleges that she received a notice from MTC stating that the loan had been referred for foreclosure. (*Id.* ¶ 13).

On January 14, 2016, the Court dismissed Plaintiff's claim against Wells Fargo without prejudice after finding that Plaintiff failed to state a plausible claim for relief because she failed to allege an approximate date that the loan at issue went into default. (Dismissal Order 4:17-5:8, ECF No. 27).  The Court granted Plaintiff leave to file an Amended Complaint to correct this deficiency. (*Id.* 5:6-8).

Plaintiff filed her Amended Complaint on February 3, 2016, which again fails to specify when the loan at issue went into default. *See* (Am. Compl.).  However, the Amended Complaint reiterates the allegations in Plaintiff's original Complaint and purports to set forth a claim for violations of the FDCPA against Wells Fargo. (*Id.* ¶¶ 18-35).  In the instant Motion, Wells Fargo argues that the Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**II. LEGAL STANDARD**

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on

which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id*. Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *E.g.*, *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in

the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

"In order to establish a claim under the FDCPA, [a] plaintiff must show: (1) that he is a consumer within the meaning of 15 U.S.C. §§ 1692a(3) and 1692c(d); (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6); and (4) that the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a-1692o." *Gutierrez v. Wells Fargo Bank*, C 08-5586-SI, 2009 WL 322915, at *2 (N.D. Cal. Feb. 9, 2009); *see also Spartalian v. Citibank, N.A.*, No. 2:12-cv-0742-MMD-PAL, 2013 WL 5437347, at *3 (D. Nev. Sept. 27, 2013).

A loan servicer may be correctly characterized as a debt collector under the FDCPA only if it began servicing the loan after the loan was already in default. *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 359 (6th Cir. 2012). In this case, while it is apparent that Wells Fargo began servicing the mortgage loan on or before October 9, 2012, (Assignment, ECF No. 30-2), the Amended Complaint is devoid of any allegations as to when the loan went into default. Accordingly, the Court finds that Plaintiff has failed to include allegations plausibly demonstrating that Wells Fargo violated the FDCPA, and the claim will therefore be dismissed. Because the Court previously granted leave for Plaintiff to amend her claim to correct this deficiency and Plaintiff failed to do so, the dismissal will be with prejudice.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Wells Fargo's Motion to Dismiss, (ECF No. 29), is **GRANTED**.

///

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**.

**DATED** this __9__ day of May, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court